The Honorable Lu Hardin State Senator 2500 West Second Court Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following question:
 May a county use a Lease Purchase Plan when buying equipment for their county under the Local Government Lease Act of 1991?
A conclusive answer to this question would require a factual review of the particular lease/purchase agreement. It appears, however, as a general matter that the answer is "no" if the agreement includes interest. Article 16, Section 1 of the Arkansas Constitution prohibits counties and cities from issuing interest-bearing evidences of indebtedness.
As noted in correspondence attached to your request, a recent Arkansas Supreme Court ruling bears on this issue. The court inBrown v. City of Stuttgart, 312 Ark. 97, S.W.2d (1993), considered a challenge to the validity of a tax exempt lease agreement between the City of Stuttgart and First Continental Financial Corporation on the grounds that the lease was an interest bearing evidence of indebtedness in violation of Ark. Const. art. 16, § 1. The court found that it was and invalidated the agreement. The court rejected the contention that because the lease included a so-called "nonappropriation clause,"[1]
there was no interest bearing indebtedness, stating:
 The `lease payment schedule' is clearly an amortization schedule complete with a statement of principal and interest to be paid. City of Stuttgart and First Continental assert that because the lease agreement provides for the lease payments to be paid from appropriated funds on hand for the current year, the lease does not constitute interest bearing debt. Yet, the lease payment schedule reflects a plan of payments covering five years in which interest and equity accrue. This being the case, the lease constitutes interest bearing evidence of indebtedness. While it is true that the City of Stuttgart is not bound by the lease if the city cannot appropriate funds, the cancellation of the lease results in lost equity and interest.
312 Ark. at 101.
The court also rejected the argument that the nonappropriation clause rendered the transaction a lease rather than a sale. Id.
at 101-104.
The court noted that this type of municipal lease is authorized under Act 508 of 1991, the Local Government Lease Act of 1991 (codified at A.C.A. §§ 14-76-101 to -108 (Cum. Supp. 1991)). But it refused to address the constitutionality of that act. Thus, we have no authority in that regard. City of Stuttgart suggests, in my opinion, that the inquiry must be focused instead on the particular lease/purchase plan or agreement in question. I have enclosed a copy of City of Stuttgart. A review of this case should offer guidance in addressing a particular proposed lease purchase plan. I suggest that the county seek the advice of its local counsel when making this review.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The nonappropriation clause provided that the lease shall terminate unless sufficient funds are appropriated and budgeted or authorized by the city. 312 Ark. at 98. Thus, the lease was enforceable only if the city appropriated money for the current fiscal year. Id.